UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | NO. 3:10-mj-04062 |
| | ) | MAGISTRATE JUDGE KNOWLES |
| MATTHEW DEHART | ) | |

## RESPONSE TO DEFENDANT'S MOTION TO REVOKE OR AMEND DETENTION ORDER

The United States of America, by and through S. Carran Daughtrey, Assistant United States Attorney for the Middle District of Tennessee, hereby responds to defendant's motion to revoke or amend the detention order issued by Magistrate Judge Kravchuk in the District of Maine. For the reasons stated below, the government respectfully requests that the motion be denied on procedural grounds.

A complaint and warrant was issued against defendant Matthew DeHart on August 6, 2010, charging Production of Child Pornography, in violation of 18 U.S.C. § 2251(a). (D.E. 1: Complaint). Defendant was arrested on August 9, 2010, when he was crossing the border from Canada to the United States. Magistrate Judge Kravchuk conducted an initial appearance that same day. (D.E. 3: Rule 5(c)(3) Documents from Maine, at 3). On August 11, 2010, defendant waived his right to an identity hearing and preliminary hearing but requested a detention hearing, which occurred within the three day time limit provided in 18 U.S.C. § 3142(f). (D.E. 3: Rule 5(c)(3) Documents from Maine, at 2). The government attorney in this case is in the process of ordering the transcript of the detention hearing but has yet to receive such transcript.

Subsequent to the detention hearing, Judge Kravchuk issued a Detention Order. (D.E. 3: Rule 5(c)(3) Documents from Maine, at 3–5). The order explicitly notes that the defendant

requested that the hearing be held in Maine, rather than in the charging district. (D.E. 3: Rule 5(c)(3) Documents from Maine, at 4). The judge noted that DeHart "produced evidence to rebut the presumption [of detention], noting his lack of prior criminal record, his close ties to his family in Indiana, and the availability of his father to serve as a third party custodian." *Id*. Although the judge did not find a risk of dangerousness to the community,[1] she did find that detention was necessary because of the risk of flight:

> I base this decision on the factors set forth in 18 U.S.C. § 3142(g), starting first with the nature and circumstances of the offense. In addition to the involvement of minor victims, the events surrounding the Fall 2008 - January 2009 time period demonstrates that the defendant has a degree of sophistication regarding concealing his identity and trying to evade detection while trying to persuade the victims' family to call of the investigation into his activities. Additionally, a year later in January 2010 when "intemidated" by law enforcement when they executed a search warrant at his resident [sic], DeHart fled to Mexico. Admittedly he returned promptly to the United States, apparently at this parents' urging, but the fact remains that his initial response to his difficulties was flight, again showing his desire to evade confrontation with law enforcement. Since April of 2010 DeHart has attempted to establish a life in Canada, again allowing for the fair inference that he hoped to evade law enforcement in Tennessee. Now he is confronted with a criminal prosecution that carries a mandatory minimum sentence of fifteen years if he should ever be convicted. One can fairly infer that if DeHart is given an opportunity to evade this prosecution, he will take it. Electronic monitoring without GPS monitoring (apparently unavailable in Indiana) would put at risk being able to monitor DeHart's whereabouts at all times. DeHart's conduct since the investigation began in January 2009 suggests he is an extreme risk of flight. Additionally he has a history of mental health problems that suggests a degree of instability and poor judgment. All of these factors taken together lead me to conclude that detention is necessary in this case because of the risk of flight.

*Id*. at 4-5.

---

[1]Judge Kravchuk "noted that almost twenty months had elapsed since the defendant last had any contact with the minor victims or their families, thereby suggesting that there was not an immediate risk of victim harassment or intimidation." Should this matter be heard in this district, however, the government expects to present evidence in contradiction with this conclusion.

2

Defendant now files a motion to revoke or amend the detention order with the magistrate court in this, the charging district. A defendant may pursue review of a detention hearing pursuant to either 18 U.S.C. § 3142(f) or 18 U.S.C. § 3145(b). Although the Sixth Circuit has not ruled on the issues raised in defendant's motion, case law from other jurisdictions clearly indicates that this magistrate court has no authority to review the order of detention issued by Judge Kravchuk in the District of Maine under either statute.

The first statute under which a defendant can seek review of a detention order is 18 U.S.C. § 3142(f):

> The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f). The Tenth Circuit has explained that

> By its terms, this section applies to reconsideration of a detention or release order by the same judicial officer who entered the initial order. In addition, reconsideration is permissible under this section only when there is new information that would materially influence the judgment about whether there are conditions of release which will reasonably assure that the defendant will not flee and will not harm any other person or the community.

*United States v. Cisneros*, 328 F.3d 610, 614 (10th Cir. 2003).

In the instant case, defendant makes reference to having been "prevented from calling material witnesses, including his father and other family members, and denied the opportunity to present other probative evidence that he is not a flight risk." (D.E. 9: Motion to Revoke, at 1). It was the defendant himself, however, who elected to go forward with the detention hearing in Maine. The record does not indicate that he requested additional time to get witnesses, and he certainly

3

knew that his father was willing to be a third party custodian. (D.E. 3: Rule 5(c)(3) Documents from Maine, at 4). Thus, the defendant in this case has neither presented this case to the original magistrate nor set forth any information that was not known to him at the time of the detention hearing in Maine. Thus, defendant not only has filed this motion in the wrong district, but there are no new circumstances warranting the reopening of this hearing under 18 U.S.C. § 3142(f).

Since 18 U.S.C. § 3142(f) clearly does not apply in this case, the other option for review of a detention motion is through 18 U.S.C. § 3145(b), as relied upon by this defendant and which states as follows:

> **(b) Review of a detention order**.– If a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.

18 U.S.C. § 3145(b). The question at this stage is whether or not the magistrate court in the charging district may review the order denying detention issued by a magistrate judge in the arresting district. The defendant relies on *United States v. El Edwy*, in support of his motion to have this magistrate court review the order. 272 F.3d 149 (2nd Cir. 2001). Nowhere in *El Edwy*, however, does the Second Circuit state that a defendant is entitled to a new detention hearing before a *magistrate* judge in the charging district after a decision on detention has been made by a magistrate judge in the district of arrest. Indeed, it was the District Court in the charging district that reviewed the magistrate order from the arresting district. *Id*. 154. Likewise, in each the other cases cited by the defense, it is the district court in the charging district who reviews the out of district order. *See United States v. Vega*, 438 F.3d 801, 802 (7th Cir. 2006); *Cisneros*, 328 F.3d at 615; *United States v. Torres*, 86 F.3d 1029, 1031 (11th Cir. 1996); *United States v. Cannon*, No. 2:10cr1, 2010 WL

4

1903749, at *4 (E.D. Va. Mar. 19, 2010). *See also United States v. Evans*, 62 F.3d 1233, 1239 (9th Cir. 1995) (Wallace, C.J., concurring) (stating in a case involving review under § 3145 of magistrate judge's detention order that "[o]nly that district court [i.e., the district court with original jurisdiction over the offense] has the authority to review the magistrate judge's order"); *United States v. Cheeseman*, 783 F.2d 38, 41 (2d Cir. 1986) (stating that "the appropriate course for the Government would have been to await the setting of release conditions and the issuance of release orders by the Magistrate, and then pursue its appellate rights, initially to the District Judge, pursuant to 18 U.S.C. § 3145(a)...."). As stated in *United States v. Cisneros*, "[t]he text of § 3145(a) supports the conclusion that a motion to revoke a magistrate judge's release order should be ruled on directly by a district judge." 328 F.3d 610, 615. The Second Circuit continues its explanation:

> The hierarchy suggested by § 3145(a) is consistent with the ultimate decision-making power and continuing jurisdiction over the actions of magistrate judges that district court judges possess. See *United States v. First Nat'l Bank of Rush Springs*, 576 F.2d 852, 853 (10th Cir.1978) (per curiam); *United States v. Maull*, 773 F.2d 1479, 1486 (8th Cir.1985) (en banc) (stating, in the context of decision-making under § 3145(a) and (b), that " 'the magistrate acts subsidiary to and only in aid of the district court,' and that 'the entire process takes place under the district court's total control and jurisdiction.' ") (quoting *United States v. Raddatz*, 447 U.S. 667, 681, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980)).

*Id*. at 616. *See also United States v. Johnson*, 858 F.Supp. 119, 122 (N.D.Ind.1994). The same reasoning would, of course, apply to a review under § 3145(b) of a detention order issued by a magistrate judge. That is, a motion to revoke or amend a magistrate judge's detention order should be ruled on directly by a district judge. Other than dicta in the *Cannon* case, the defense has presented no authority for a magistrate judge in a charging district to review a challenged release or detention order issued by a magistrate judge in an arresting district.

5

Wherefore, the government respectfully requests this Court deny defendant's motion on procedural grounds, since it is clear that he must seek review of his detention order at the district court level.

>Respectfully submitted,
>
>JERRY E. MARTIN
>United States Attorney for the
>Middle District of Tennessee
>
>s/ S. Carran Daughtrey
>S. Carran Daughtrey
>Assistant United States Attorney
>110 Ninth Avenue South, Suite A-961
>Nashville, Tennessee 37203-3870
>Telephone: 615/736-5151

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served electronically or by mail to the following:

>Ronald C. Small
>Assistant Federal Public Defender
>810 Broadway, Suite 200
>Nashville, TN 37203-3805

on this, the 21st day of September, 2010.

>s/ S. Carran Daughtrey
>S. Carran Daughtrey